# EXHIBIT 1

No. AP-77,054

IN THE

# Court of Criminal Appeals of Texas

RODNEY REED,
*Appellant,*

v.

THE STATE OF TEXAS
*Appellee.*

On Appeal from the 21st Judicial District Court, Bastrop County, Texas

**AFFIDAVIT OF BRYCE BENJET**

BRYCE BENJET
THE INNOCENCE PROJECT
40 Worth St.
New York, New York 10013
(212) 364-5340
(212) 364-5341 (fax)

Andrew F. MacRae
State Bar No. 00784510
LEVATINO|PACE LLP
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
(512) 637-8565
(512) 637-1583 (fax)

*Attorneys For Appellant Rodney Reed*

1

County of New York      )
                        )
State of New York       )

Bryce Benjet, of lawful age, being duly deposed and sworn, states that:

1. My name is Bryce Benjet. I am an attorney licensed to practice in the State of Texas and counsel of record for Rodney Reed. I am over the age of 18 and otherwise competent to give this affidavit.

2. On January 13, 2014, I sent a letter to the Bastrop County District Attorney, Bryan Goertz, asking for his agreement to conduct comprehensive DNA testing on the evidence collected in the investigation of the murder of Stacey Stites. I provided a detailed explanation of the reasons why this testing could prove innocence and offered to conduct this testing at the expense of the Innocence Project. A true and correct copy of the letter is attached as Appendix A to this Affidavit.

3. Soon thereafter, I spoke with Mr. Goertz, who informed me that he agreed that DNA testing should take place in the interest of justice, but referred me to the Attorney General's Office to negotiate the details.

4. I had several conversations with staff from the Attorney General's Office over the next few months. Frustrated with the slow progress of these negotiations, I suggested we expedite the process by agreeing to the testing of some items on an interim basis while the Attorney General's Office continued to consider other evidence. A true and correct copy of the e-mail I sent making this offer is attached as Appendix B.

5. Based on my initial conversation with Bastrop District Attorney, Mr. Goertz, and until the end of April 2014, I had believed that the State was going to agree to conduct DNA testing on all relevant evidence. It was not until the end of April that I learned from Assistant Attorney General Matthew Ottoway that the State was not inclined to agree to test any evidence that did not fit within the Attorney General's narrow definition of biological material. This would be limited to already identified biological fluids, rape kit samples, and hairs. I was surprised by this position based on my initial conversation with the Bastrop County District Attorney, Mr. Goetz. Mr. Ottoway informed me that no final decision could be

2

made and that we would have to wait until his supervisor returned from vacation in mid-May. We planned to speak on May 15, 2014, but the Attorney General's Office asked for more time, as shown in the May 15, 2014 e-mail of which a true and correct copy is attached as Appendix C. The final decision from the Attorney General's Office limiting the scope of the agreed DNA testing was not announced to me until late May 2014. At this time I was working on the Petition for Writ of Certiorari seeking review from the denial of federal habeas corpus relief, drafting an order reflecting the agreed DNA testing, as well as drafting Reed's motion for post-conviction DNA testing in advance of a scheduled hearing to set an execution date.

6. After the State filed its response in opposition to DNA testing, I wrote the trial judge on October 7, 2014 asking that a hearing be set on the merits of DNA testing. A true and correct copy of this letter is attached as Appendix D. In advance of that request, I discussed the hearing with Assistant Attorney General Ottoway. He asked that any hearing that was to be scheduled take place at least a week after his return from a vacation spanning most of the month of October, and that later in November would be better. I accommodated this request with the understanding that it would not be used by the State against my client.

3

7. On Monday, January 26, 2015, I received a CD via Fed Ex from the Attorney General's Office. On this CD are two audiotaped witness interviews containing information that is helpful to Mr. Reed and requires additional investigation. In particular, one interview describes an internal and previously undisclosed investigation of Jimmy Fennell by the Giddings Police Department, which was known to Nathan Lapham. Mr. Lapham was a witness called by the State during Mr. Reed's last habeas hearing, but, he did not mention this investigation. At the hearing, Mr. Reed's counsel was expressly precluded from questioning Mr. Lapham more broadly concerning Fennell and the Stites murder. The State has previously taken the position that the Giddings Police Department was not involved in the investigation. Another interview concerns what may have been an eyewitness account of a heated argument between Fennell and Stites around the time of the murder.

Further affiant sayeth naught.

Bryce Benjet

Subscribed and sworn to, before me, a Notary Public, this 30th day of January 2015, by Bryce Benjet who is personally known to me or has shown adequate identification:

Notary Public

MADELINE H. deLOME
Notary Public, State Of New York
No. 02DE5057325
Qualified In New York County
Commission Expires March 18, 20 _18_

4

# APPENDIX A

Barry C. Scheck, Esq.
Peter J. Neufeld, Esq.
Directors

Maddy deLone, Esq.
Executive Director

Innocence Project
40 Worth Street, Suite 701
New York, NY 10013

Tel 212.364.5340
Fax 212.364.5341
www.innocenceproject.org

January 13, 2014

Hon. Bryan Goertz
Bastrop County District Attorney
804 Pecan St.
Bastrop, Texas 78602

**Re: Proposal for Agreed Forensic Testing**

Dear Mr. Goertz:

I am writing on behalf of my client Rodney Reed to ask for your agreement in conducting DNA and other forensic testing on evidence retained in the case. There have been significant advances in the science of DNA testing since Mr. Reed's 1998 capital murder trial for the murder of Stacey Stites. These advances allow us to detect the DNA profile of a person from even a few skin cells left during this violent strangulation murder—whereas the technology available in 1998 was limited to larger samples of tissue or bodily fluids. By utilizing the new technology in DNA and other forensic testing, we are now capable of providing dispositive answers confirming Mr. Reed's consistent claim of innocence. The cost of this agreed testing will be paid for by the Innocence Project.

I have attached a list of evidence that was collected in the case that I believe is (1) suitable for DNA or other forensic testing and (2) capable of producing results that can prove Mr. Reed's innocence. *See* Appendix A. This evidence includes:

- The belt used to strangle Ms. Stites

- Biological samples taken from Ms. Stites' body

- Relevant areas of Ms. Stites' clothing



- Hairs found on Ms. Stites' body and clothing

- Ms. Stites' name tag left by the perpetrator on her body

- Items on the ground near truck

- Condoms found near Ms. Stites' body

- Fingerprints found on Ms. Stites' truck and other items

- White T-shirt found near body

The Texas Legislature recently enacted a law requiring all suitable evidence collected in a capital murder prosecution to be subjected to DNA testing. *See* Tex. Code Crim. Proc. art. 38.43(i). Especially where Mr. Reed has consistently claimed innocence and legitimate questions have been raised indicating a third party's guilt, it is appropriate to conduct the same level of forensic testing that would be done in a current capital murder prosecution. Conducting this post-conviction testing by agreement and in the interest of justice will conserve judicial resources and that of our respective offices which would otherwise be spent on contested litigation under Chapter 64 of the Code of Criminal Procedure and other available remedies. Expeditious DNA testing by agreement now will also ensure protracted litigation under chapter 64 does not interfere with the course of the pending habeas proceedings.

**New DNA and Other Forensic Testing Can be Performed on the Evidence**

DNA testing has come a long way since 1998. At the time of the trial, forensic DNA testing was geared towards bodily fluids such as blood, semen, and saliva. The increased sensitivity of today's DNA tests allow profiles to be obtained from only a few cells that are shed during a struggle or rough handling of a body or item. Furthermore, certain DNA technology is now designed to obtain results from degraded and contaminated samples that would not have been suitable for testing in the past. Y-STR testing looks only at male DNA, allowing miniscule amounts of a male perpetrator's DNA to be detected when it previously would have been masked by a female victim's profile. And finally, mitochondrial DNA testing can be used to obtain DNA profiles from hairs that have, to date, only been examined microscopically.

There are a number of items that have never been subjected to DNA testing that could produce dispositive results. Items that were tested in 1998 can also be subjected to the considerably more advanced and sensitive DNA techniques described above.



### *Forcibly handled or grabbed items*

The most obvious items for testing are the pieces of the belt used to strangle Ms. Stites and portions of Ms. Stites' clothing that were forcefully grabbed. The perpetrator certainly handled Ms. Stites' belt with enough force to both strangle her and break the belt in two. Furthermore, Ms. Stites was partially disrobed by the perpetrator and carried out of the truck and into the brush. The handling of Ms. Stites's jeans was so forceful as to have broken her zipper. The belt and areas of Ms. Stites's clothing that were grabbed by the perpetrator during a struggle or while dragging the body will contain skin cells that can now generate a DNA profile. The same may be true for items handled by the perpetrator during and after the violent struggle such as Ms. Stites's nametag and items found outside of her truck. Finding the DNA profile of a third party on these probative items (especially if the same profile is discovered on multiple items) will be powerful evidence that the source of this DNA is the perpetrator of this crime, and not Mr. Reed.

### *Fingerprints*

There were a number of unidentified fingerprints collected in the case, including from Ms. Stites' truck and items likely handled by the perpetrator. It is unclear whether these prints were entered into the IAFIS data base where they are compared against known offenders or other unidentified forensic samples. Further, fingerprints are known to contain skin cells from their source. DNA testing of latent lifts has been found capable of detecting at least partial DNA profiles in some cases.

### *Bodily fluids*

Although some of the items that could contain relevant sexual assault evidence were likely tested in 1998,[1] the advances in DNA technology warrant additional testing of this evidence. Testing should be done on any remaining portions or extracts of sexual assault evidence and the condoms collected from the scene. Although the condoms were discounted as "old" at trial, DNA testing that shows a mixture of the victim's DNA and a third party on the condom would contradict this assumption and implicate the third party in the crime. The fact that the condoms may have been collected by a third party should not deter testing either—the method of collection cannot discount the potential relevance of the evidence. *See In re Michael Morton*, 326 S.W.3d 634 (Tex. App.—Austin, 2010, no pet.) (DNA testing of bandana collected by relative of defendant resulted in exoneration of Morton and identification of actual perpetrator). Testing of sexual assault evidence from Ms. Stites can also reveal previously undetected amounts of semen or chemical lubricants left after intercourse with a condom.

### *Hairs*

And finally, DNA testing of hairs can now be accomplished either through traditional DNA testing of the roots of the hair or specialized mitochondrial DNA testing of the hair shaft. This can be done to identify the source of unknown hairs found on Ms. Stites' body and clothing.

---

[1] Even if it appears that physical items of evidence were fully consumed in prior testing, labs often retain unused extracts of DNA taken from the evidence. These extracts can be excellent sources for subsequent testing.



**DNA and Other Forensic Testing Can Exonerate Mr. Reed and Identify the Perpetrator**

Throughout the course of the investigation, there were a number of suspects identified including Jimmy Fennell and David Lawhon—both with a history of similar sex offenses. DNA was collected from many other suspects as well. The DNA testing discussed above can both exclude Mr. Reed from crucial physical evidence in the case and generate DNA profiles for comparison to these and other known suspects. Moreover, DNA profiles can be submitted to DNA databases to identify a perpetrator who has been previously overlooked.

### *Retesting Sexual Assault Evidence*

Retesting of the sexual assault evidence is particularly important in light of the inconclusive trial DNA results from the rectal swab and the recent sworn statement by retired Travis County Medical Examiner Roberto Bayardo, M.D. Although DNA testing at trial confirmed that the sperm found in Ms. Stites vagina was almost certainly Mr. Reed's, the results of the testing of the rectal swab in this case was inconclusive. Although the State's retained expert testified that Mr. Reed could not be excluded from the single DNA marker detected, she was unable to provide any statistical relevance to that result. Modern DNA testing has the capacity to identify a profile that is statistically unique to the population of the planet.

Furthermore, Dr. Bayardo has re-evaluated the case and now states that the forensic evidence suggests that Mr. Reed and Ms. Stites had consensual sex more than 24 hours before her death. While Dr. Bayado believes that Ms. Stites was anally assaulted at or near the time of her death, be concludes that this was done either with a foreign object or by a person who did not ejaculate. Excluding Mr. Reed from the sperm fraction of the rectal swabs or finding a another man's sperm in the sexual assault evidence or mixed with Stites' DNA on the condom, for example, would corroborate Dr. Bayado's sworn statement and demonstrate that the source of the foreign DNA is the likely perpetrator.

### *Testing the Belt, Clothing, and Other Items Handled In the Struggle*

Modern DNA testing can detect a DNA profile that is unique to the population of the planet from a microscopic amount of skin cells or other biological material. We know that the belt, Ms. Stites' clothing, and other items were handled forcefully by the perpetrator during the commission of the crime and the disposal of Ms. Stites' body. DNA testing of these items can now detect the profile of the perpetrator where the technology in 1998 could not.

It is reasonable to assume that the source of a foreign DNA profile on the ends of the belt used to strangle Ms. Stites, for example, would be significant evidence of the guilt of the person associated. This would be more powerful if the same profile was found on both halves of the belt—despite being left in separate locations and collected by different people.



The relevance of finding a foreign DNA profile becomes stronger as this profile is found on more probative items. If, for example, the same DNA profile is found on (1) both halves of the belt used to strangle Stites, (2) the shirt alleged to have been used to wipe for prints, (3) the waistband of Stites's jeans by which she was dragged into the woods, (4) the name tag placed by the perpetrator between Ms. Stites's legs, and (5) other items strewn outside of the truck; then it likely that the source of the DNA is the perpetrator. Indeed the Court of Criminal Appeals recognized the importance of this type of redundant DNA evidence when it authorized DNA testing in the Darlie Routier case. *See Routier v. State*, 273 S.W.3d 241, 257-58 (Tex. Crim. App. 2008).

The importance of such evidence would be increased even more if DNA profiles obtained from handled evidence matched the DNA detected from testing the hairs or the sexual assault evidence or was consistent with a person identified from fingerprints.

### *Matching Know Suspect or Known Offender in DNA Database*

DNA results, like fingerprints, can be used to positively identify an unknown suspect through a database search or comparison to a known suspect. In this case, Jimmy Fennell is the most likely alternative suspect. While it would be expected to find Mr. Fennell's DNA in his truck or even on Ms. Stites, finding Fennell's DNA on areas directly linked to the crime such as the ends of the belt or areas of Ms. Stites's clothing forcible handled by the perpetrator must be seen as evidence of Fennell's guilt. The presence of another known suspect's DNA in these areas would likewise have no innocent explanation. And finally, a DNA profile obtained from the evidence can be uploaded to the state and national CODIS DNA database. This comparison could reveal the profile of a previously unknown suspect as it did in the recent Texas exonerations of Innocence Project clients Michael Morton and Randolph Arledge[2]. Roughly 50% of the 300+ DNA exonerations in this country have resulted in the identification of the actual perpetrator.

## Conclusion

For the reasons stated above, DNA testing can provide powerful evidence that both exonerates Mr. Reed and identifies who really committed this crime. The State did not have the benefit of current technology when it prosecuted Mr. Reed in 1998. And if Mr. Reed were prosecuted today, Texas law would require all of the DNA testing requested in this letter to be performed.

Therefore, I respectfully request that you consider performing this testing by agreement as an alternative to litigation under Chapter 64 and/or other available remedies. The Innocence Project will pay for all agreed testing at a mutually agreed independent and accredited laboratory.

---

[2] Morton was proven innocent after a search of the CODIS database identified Bastrop resident Mark Allan Norwood who was later convicted of a similar murder in Austin. Mr. Arledge was shown innocent after a CODIS search of evidence from a multiple stabbing murder matched David Simms who worked near where the victim disappeared and who had been convicted a few years earlier of another multiple stabbing. *Ex Parte Arledge* No. AP76-974 (Tex. Crim. App. 2013).



Please do not hesitate to contact me if you have any questions about this proposal or need any additional information. I look forward to working with you on this matter.

Sincerely,

Bryce Benjet
Staff Attorney

cc.    *Mark Chehi, Skadden, Arps, Slate, Meagher & Flom LLP*
*Andrew MacRae, Levatino Pace, LLP*

# APPENDIX A

# RODNEY REED EVIDENCE FOR TESTING

## EVIDENCE FOUND AT HIGH SCHOOL

| DATE COLLECTED | OBTAINED BY | ITEM(S) | SOURCE | LAB SUBMISSSION? | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|
| 4/23/96 | Sgt.Walker/ BPD | White paper napkin | On ground near truck | 4/23/96 / Item #26 | Latent Prints/Semen | Prints /Neg. Semen | DNA Sec. DPS Lab |
| 4/23/96 | Sgt.Walker/ BPD | Piece of Blue Braided Belt | On ground near truck | 4/23/96 / III-4 | Match to belt from scene | Positive ID/torn not cut | Crim. Sec. DPS Lab |
| 4/23/96 | Sgt.Walker/ BPD | White HEB Ink Pen | On ground near truck | 4/23/96 / Item #27 | Latent Prints | Prints | DNA Sec. DPS Lab |
| 4/23/96 | Sgt.Walker/ BPD | Carbon copies of checks | On ground near truck | 4/23/96 / Item #28 | Latent Prints | LI,LM (2x), LR of Fennell | DNA Sec. DPS Lab |

## EVIDENCE RECOVERED FROM TRUCK

| DATE COLLECTED | OBTAINED BY | ITEM(S) | SOURCE | LAB SUBMISSION? | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|
| 4/24/96 | Wardlow | Gas Emergency book (ex #36) | Pass. side door pocket | 4/24/96 Item #2-36/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Sandifer | Latent finger print (ex #37a) | Pass. side in Window glass | 4/24/96 by TS | Compare to parties | Unknown result | Latent Sec. DPS Lab |
| 4/24/96 | Wardlow | Pulse Withdraw al slip (ex #38b) | On seat below armrest | 4/24/96 Item #2-38b/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Bridal Shop Receipt (ex. #39) | Center drink holder | 4/24/96/Item #2-39/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Green Cigarette Lighter (ex. #40) | Center drink holder | 4/24/96/Item #2-40/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Metal Box Cutter (ex #41) | Center drink holder | 4/24/96/Item #2-41/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Pack of Big Red (ex. #42) | Front floor-board near shifter | 4/24/96/Item #2-42/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Wal-Mart receipt (ex. #43c) | Front ashtray | 4/24/96/Item #2-43c/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Business card: | Sunglass compart- | 4/24/96/Item #2-44/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |

| DATE | OBTAINED BY | ITEM(S) | SOURCE | LAB SUBMISSION? | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|
| | | R. Kavieff (ex #44) | ment | | | | |
| 4/24/96 | Wardlow | Blue/ Yellow plastic bag (ex #45) | Bed of pick-up truck | 4/24/96/Item #2-45/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Gold hoop earring (ex #48) | Front floorboard | 4/24/96/Item #2-48/TS | Latent Prints | Unknown result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Knife in scabbard (ex #54) | Rear floorboard (was Stites) | 4/24/96/Item #II-54/WY&TS | Body fluids/Latent Prints | No fluids/Unk. Result | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Blue nylon rope (ex #55) | Bed of pick-up truck | 4/24/96 by Wardlow | Kept for comparison | N/A | DNA Sec. DPS Lab |
| 4/24/96 | Wardlow | Brown rope (ex #56) | Bed of pick-up truck | 4/24/96 Wardlow | Kept for comparison | N/A | DNA Sec. DPS Lab |

## EVIDENCE LOCATED AT CRIME SCENE

| DATE COLLECTED | OBTAINED BY | ITEM(S) | SOURCE | LAB SUBMISSION? | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|
| 4/23/96 | R. Wardlow | Braided belt (ex #18) | Edge of roadway | 4/24/96/Item #III-3/GL | Compare to belt from school | Physically matched two pieces | Crime Sec. DPS Lab |
| 4/23/96 | R. Wardlow | White T-shirt (ex #8) | In shrubs/ brush | 4/23/96/Item #I-8/GL | Trace evidence/body fluids | No evidentiary stains/dirt on shirt | Crime Sec. DPS Lab |

## EVIDENCE RECOVERED FROM VICTIM

| DATE COLLECTED | OBTAINED BY | ITEM(S) | SOURCE | LAB SUBMISSION? | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION | NOTES |
|---|---|---|---|---|---|---|---|---|
| 4/23/96 | Wardlow/ Blakely | Strand of Hair | Left sock (ex #3) | 4/23/96/Item #1-3/GL Y & SR | Compare to involved parties | Not consistent with Fennel, Barton or victim. Somewhat similar and dissimilar to Comer | Crim. Sec. DPS Lab | Report (6-17-97 by SR said this hair was micr. consistent with victim) |
| 4/23/96 | Wardlow/ Blakely | Strand of Hair | Back of left leg (ex #4) | 4/23/96/Item #1-4/GL & SR | Compare to involved parties | Similar to Stites | Crim. Sec. DPS Lab | |
| 4/23/96 | Wardlow/ Blakely | Strand of Hair | On back near bra (ex #6) | 4/23/96/Item #1-6/GL | Compare to involved parties | Not consistent with victim, | Crim. Sec. DPS Lab | Report (6-17-97 said unsuit- |

| | | | | | | Fennell, Barton or Comer | | able for comp- arison) |
|---|---|---|---|---|---|---|---|---|
| 4/23/96 | Wardlow/ Blakely | Tape Lift | Pubic Area (ex #20) | 4/23/96/Item #1-20/GL & WY | Trace Evidence/ DNA | 1 head hair detected, unable to extract DNA | Crim. Sec. DPS Lab | Hair similar and dis- similar to Comer |
| 4/23/96 | Wardlow | Blue cotton pants | On victim (ex #16) | 4/23/96/Item #1-16/WY & GL | Trace evid./Blood/ Semen | Wool fibers/no body fluids | DNA Sec. DPS Lab | |
| 4/23/96 | Wardlow | Black bra | On victim (ex #23) | 4/23/96/Item #1-23/WY & GL | Trace evid./Blood/ Semen | Fabric/ underwire melted | DNA Sec. DPS Lab | |
| 4/23/96 | Wardlow | Green cotton panties | On victim (ex #17) | 4/23/96/Item #1-17/ML & GL | Trace evid./Blood/ Semen | Semen/DQ alpha | DNA Sec. DPS Lab (#) | |
| 4/23/96 | Wardlow | HEB plastic name bag (ex #1) | In crook of right leg (ex #1) | 4/23/96/Item #1/TS | Prints | Unknown results | DNA Sec. DPS Lab | |

## EVIDENCE LIST FROM ME'S OFFICE

| DATE COLLECTED | OBTAINED BY | ITEM(S) | SOURCE | LAB SUBMISSION | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|
| 4/24/96 | Bayardo | Vaginal Swabs | Victim's vagina | ME Tox/Dps #VI-1/WY | Process of Semen/DNA | Pos. (ME) / Pos. (DPS) | DNA Sec. DPS Lab |
| 4/24/96 | Bayardo | Rectal Swabs | Victim's anus/rectum | ME Tox/Dps #VI-3/Wy | Process of Semen/DNA | Neg. (ME)/ Pos. (DPS) ** | DNA Sec. DPS Lab |

## EVIDENCE TAKEN FROM WITNESS

| DATE COLLECTED | OBTAINED BY | ITEM (S) | SOURCE | LAB SUBMISSION? | EVIDENCE PROCESSING | RESULTS | CURRENT LOCATION |
|---|---|---|---|---|---|---|---|
| 4/29/96 | Officer Scoggins | Piece of shirt, (2) condoms, piece of knife | Michelle Clifton | Not submitted | N/A | N/A | BSCO Property Room |

# APPENDIX B



**Bryce Benjet <bbenjet@innocenceproject.org>**

# RE: Phone call on Reed
1 message

**Bryce Benjet** <bbenjet@innocenceproject.org>                    Thu, Apr 17, 2014 at 9:28 AM
To: Matthew Ottoway <matthew.ottoway@texasattorneygeneral.gov>, Andrew MacRae
<amacrae@levatinopace.com>

Matt,

Tuesday is a better time, I can be in the office and much more useful.

Andrew was in Bastrop last week and saw that the physical exhibits had been wrapped in paper.    If these are
ready to go, maybe we can do an interim order releasing these while we work out location of other evidence.
This might give lab something to get started on to expedite.

Have you heard back from other agencies on status of evidence and data/reports?  If you have anything for me
to review, please send it on.

I'd like to review the Cellmark file from Meghan Clement.  With your permission, I will contact her, ccd to you for
authorization to release.

Also let me know if you think the El Paso order is a good template, and I can work it up for Reed.

One topic I think we should discuss on the call is whether any agreed order will be under Chapter 64 jurisdiction.
Its not usually an issue in noncapital cases, but if a date is set, I think the order should cite Chapter 64 so that
the court has authority to modify or withdraw if necessary.

Bryce

On Apr 17, 2014 9:07 AM, "Ottoway, Matthew" <matthew.ottoway@texasattorneygeneral.gov> wrote:

> Bryce,
>
>
> Unfortunately, that time won't work for me.  Can we try early next week—2:00 p.m. CT on Tuesday?
>
>
> Matt
>
>
> **From:** Bryce Benjet [mailto:bbenjet@innocenceproject.org]
> **Sent:** Thursday, April 17, 2014 7:19 AM
> **To:** Ottoway, Matthew
> **Subject:** Phone call on Reed
>
>
> Matt,
>
> Can we move today's call back to 3:45 your time?
>
> Thanks,

Bryce

**NOTICE**

**This e-mail message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or that constitutes attorney work product. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail and any attachment(s) is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by replying to this e-mail and delete the message and any attachment(s) from your system. Thank you.**

# APPENDIX C



**Bryce Benjet <bbenjet@innocenceproject.org>**

## Rodney Reed -- Today's Phone Call

1 message

**Ottoway, Matthew** <matthew.ottoway@texasattorneygeneral.gov>        Thu, May 15, 2014 at 11:18 AM
To: Bryce Benjet <bbenjet@innocenceproject.org>

Bryce,


Ed just got back yesterday and, as you can imagine, is having to play catch up.  Are you available at either 10:00 a.m. or 2:00 p.m. on Monday or Tuesday of next week?  Sorry for the late notice.


Matt


Matthew Ottoway

Assistant Attorney General

Office of the Attorney General of Texas

Phone: 512.463.7463

Fax: 512.320.8132

Email: matthew.ottoway@texasattorneygeneral.gov

# APPENDIX D



233



Barry C. Scheck, Esq.
Peter J. Neufeld, Esq.
Directors

Maddy deLone, Esq.
Executive Director

Innocence Project
40 Worth Street, Suite 701
New York, NY 10013

Tel 212.364.5340
Fax 212.364.5341
www.innocenceproject.org

Hon. Doug Shaver
21st District Court
804 Pecan St.
Bastrop, Texas 78602
Fax (512) 581-4038

Via fax and U.S. mail

Re: Hearing on DNA Motion, *Reed v. State*, No. 8701

October 7, 2014

Dear Judge Shaver:

   I am writing to update you on the status of the case and to request a hearing on our pending DNA motion. I have confirmed with Assistant Attorney General Matt Ottoway that he is available for a hearing in November, although he objects to holding a hearing on the matter. Mr. Ottoway asked that any hearing be scheduled no earlier than the second week of November because he will be out of the country for the majority of the month of October. I have conferred with your court coordinator who has informed me that a courtroom in Bastrop will be available on Monday and Tuesday, November 24-25, 2014.

### A Hearing Should be Scheduled in the DNA Motion:

   When we discussed the case in chambers at this summer's hearing to set the execution date, I had just filed Mr. Reed's DNA motion and the Court acknowledged that a hearing would be set on the motion. On September 12, 2014, the State filed a response to the DNA motion, and I will file Mr. Reed's reply with evidence attached well in advance of any hearing. Mr. Reed's case is a factually and procedurally complex, and the Court will be asked to make findings on contested factual issues and to rule on disputed questions of law. I believe that a full day setting is required because the Court will be called upon to consider and resolve contested testimony from expert witnesses regarding the condition of the evidence and the capacity of DNA testing. If the Court is not inclined to set a hearing on November 24 or 25 as an administrative matter, please let me know as soon as possible and I will file a formal motion.

Benjamin N. Cardozo School of Law, Yeshiva University

FILED 3:00 M.
DATE 10/14/2014
Sarah Loucks
District Clerk, Bastrop County

233

**Innocence Project, Inc.**
October 7, 2014
Page 2



### Update on Limited Agreed DNA Testing:

I filed Mr. Reed's DNA motion this summer after six months of negotiation with the Attorney General's Office resulted in only a limited agreement by the State to test sexual assault evidence from the body of the murder victim and a few hairs. Pursuant to that limited agreement, and this Court's order, the evidence was forwarded to the Garland Texas DPS DNA lab for testing. That evidence has since been inventoried and preliminary testing should be underway. I hope to be able to provide the Court with a further update on the progress of this testing at a hearing in November.

However, the agreed testing does not include relevant items such as the belt used to strangle the victim, the clothing used to drag her body into the brush, and a host of other items involved in the crime that are currently held by TXDPS, the Attorney General's evidence room, or the District Clerk's Office. The Innocence Project's request to have this additional evidence tested by a fully accredited Texas Laboratory that contracts with DPS at our own expense will be the subject of the hearing.

I thank you for accepting this appointment as a visiting judge and lending your time, experience, and judgment to this important matter. And I again ask that the Court set the matter for a hearing administratively or provide notice that a formal motion is required.

Sincerely,

Bryce Benjet
Staff Attorney, Innocence Project
40 Worth St., Suite 701
New York, NY 10013
(212) 364-5980
(212) 364-5341 fax

cc. Matt Ottoway, Assistant Attorney General

FILED 3:02 ___
DATE 10/14/2014
Sarah Loucks
District Clerk, Bastrop County

# EXHIBIT 2

## General Docket
## United States Court of Appeals for the 5th Circuit

| | |
|---|---|
| **Court of Appeals Docket #:** 13-70009 | **Docketed:** 03/05/2013 |
| **Nature of Suit:** 3535 Habeas Corpus - Death Penalty | **Termed:** 01/10/2014 |
| Rodney Reed v. William Stephens, Director | |
| **Appeal From:** Western District of Texas, Austin | |
| **Fee Status:** In Forma Pauperis | |

**Case Type Information:**
  1) Death Penalty w/ Counsel
  2) State
  3)

**Originating Court Information:**
  **District:** 0542-1 : 1:02-CV-142
  **Court Reporter:** Arlinda Lou Rodriguez, Court Reporter
  **Originating Judge:** Lee Yeakel, U.S. District Judge
  **Date Filed:** 03/05/2002
  **Date NOA Filed:**                          **Date Rec'd COA:**
  03/01/2013                                    03/01/2013

**Prior Cases:**
  None

**Current Cases:**
  None

**Panel Assignment:**
  **Panel:** CDK     EBC     SAH
  **Date of Hearing:** 12/04/2013     **Date of Decision:** 01/10/2014     **Date Completed:** 01/10/2014

---

RODNEY REED
        Petitioner - Appellant

Bryce Benjet, Esq.
Direct: 212-364-5980
Email: bbenjet@innocenceproject.org
Fax: 212-364-5341
[COR LD NTC CJA Appointment]
Innocence Project
Suite 701
40 Worth Street
New York, NY 10013-0000

Mark Stephen Chehi, Esq.
Direct: 302-651-3160
Email: mchehi@skadden.com
Fax: 302-651-3001
[COR NTC Pro Bono]
Skadden, Arps, Slate, Meagher & Flom, L.L.P.
900 N. King Street
1 Rodney Square
Wilmington, DE 19801-0000

Nicole Andrea DiSalvo, Esq.
Direct: 302-651-3027
Email: ndisalvo@skadden.com
Fax: 302-434-3027
[COR NTC Pro Bono]
Skadden, Arps, Slate, Meagher & Flom, L.L.P.
900 N. King Street
1 Rodney Square
Wilmington, DE 19801-0000

Jason Michael Liberi
Direct: 302-651-3023
Email: jason.liberi@skadden.com
Fax: 302-434-3023
[COR NTC Pro Bono]
Skadden, Arps, Slate, Meagher & Flom, L.L.P.
900 N. King Street

1 Rodney Square
Wilmington, DE 19801-0000

Andrew Fairles MacRae
Direct: 512-637-8565
Email: andrew@lpfirm.com
Fax: 512-637-1583
[COR NTC CJA Appointment]
Levatino Pace, L.L.P.
Building K, Suite 12
1101 S. Capital of Texas Highway
Austin, TX 78746

Robert Alan Weber, Esq.
Direct: 302-651-3144
Email: robert.weber@skadden.com
Fax: 302-574-3144
[COR NTC Pro Bono]
Skadden, Arps, Slate, Meagher & Flom, L.L.P.
900 N. King Street
1 Rodney Square
Wilmington, DE 19801-0000

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION
**Terminated:** 05/31/2013
          Respondent - Appellee

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF          Stephen M. Hoffman, Assistant Attorney General
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION     Direct: 512-936-1400
          Respondent - Appellee                          Email: stephen.hoffman@texasattorneygeneral.gov
                                                         Fax: 512-320-8132
                                                         [COR LD NTC Government]
                                                         Office of the Attorney General
                                                         for the State of Texas
                                                         P.O. Box 12548
                                                         Capitol Station
                                                         Austin, TX 78711-2548

                                                         Matthew Dennis Ottoway, Assistant Attorney General
                                                         Direct: 512-936-1400
                                                         Email: matthew.ottoway@texasattorneygeneral.gov
                                                         Fax: 512-320-8132
                                                         [COR LD NTC Government]
                                                         Office of the Attorney General
                                                         Postconviction Litigation Division
                                                         300 W. 15th Street - 8th Floor
                                                         William P. Clements Building
                                                         Austin, TX 78701-0000

                                                         James Patrick Sullivan
                                                         Email: jsullivan@kslaw.com
                                                         [COR LD NTC Government]
                                                         Office of the Attorney General
                                                         Office of the Solicitor General
                                                         P.O. Box 12548 (MC 059)
                                                         Austin, TX 78711-2548

RODNEY REED,

        Petitioner - Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

        Respondent - Appellee

| | | |
|---|---|---|
| 03/05/2013 | 26 pg, 201.21 KB | DEATH PENALTY CASE docketed. NOA filed by Appellant Mr. Rodney Reed [13-70009] (MRW) |
| 03/05/2013 | 1 pg, 5.98 KB | CJA APPOINTMENT for Attorney Mr. Bryce Benjet, Esq. for Mr. Rodney Reed, Ms. Elizabeth Detweiler for Mr. Rodney Reed and Mr. Andrew Fairles MacRae for Mr. Rodney Reed. A voucher will not issue at this time. Counsel must download a voucher from the website at disposition of the case. Please see the attached document for further guidance.<br><br>ORIGINATING COURT DISTRICT: WTX<br>ORIGINATING CASE NUMBER: 1:02-CV-142<br>DEFENDANT NUMBER: 1<br>DATE OF APPOINTMENT: 03/01/2013 [13-70009] (MRW) |
| 03/05/2013 | 2 pg, 94.37 KB | INITIAL CASE CHECK by Attorney Advisor complete, Action: Case OK to Process. [7308854-2] Initial AA Check Due satisfied.. Transcript order due on 03/20/2013 for Appellant Rodney Reed [13-70009] (MRW) |
| 03/13/2013 | | APPEARANCE FORM FILED by Attorney Matthew Dennis Ottoway for Appellee Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 [13-70009] (MRW) |
| 03/14/2013 | | APPEARANCE FORM FILED by Attorney Andrew Fairles MacRae for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 03/15/2013 | | APPEARANCE FORM FILED by Attorney Bryce Benjet for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 03/18/2013 | 2 pg, 123.28 KB | TRANSCRIPT ORDER received from Appellant Mr. Rodney Reed. DETAILS: Transcript Order: Court Reporter: Arlinda Lou Rodriguez, Proceeding Type and Date: Status Conference 09/22/2003 , Status Conference 04/19/2005. Transcript Order ddl satisfied. Ct. Reporter Acknowledgment due on 04/02/2013 for Arlinda Rodriguez. [13-70009] (MRW) |
| 03/19/2013 | 2 pg, 28.32 KB | LETTER filed from attorneys Mark S. Chehi, Jason Liberi, Nicole DiSalvo, and Andrew G. Mirisis advising that Skadden, Arps, Slate, Meagher & Flom, LLP is representing appellant Reed pro bono and will not seek appointment as counsel or compensation from the court for its representation of Reed. [13-70009] (MRW) |
| 03/22/2013 | 1 pg, 114.55 KB | COURT REPORTER ACKNOWLEDGEMENT received from Court Reporter Mrs. Arlinda Lou Rodriguez. [13-70009] (Arlinda Lou Rodriguez ) |
| 03/22/2013 | | ACKNOWLEDGEMENT received from Court Reporter Arlinda Lou Rodriguez. Ct. Reporter Acknowledgment ddl satisfied. Transcript due on 04/19/2013 for Arlinda Lou Rodriguez [13-70009] (MRW) |
| 04/10/2013 | | Attorney Mark S. Chehi, Jason Liberi, Nicole DiSalvo, and Andrew G. Mirisis added as counsel of record for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 04/12/2013 | 1 pg, 151.95 KB | NOTICE RECEIVED from Court Reporter Mrs. Arlinda Lou Rodriguez, that the transcript ordered by Appellant Mr. Rodney Reed is complete and has been filed in the District Court. [13-70009] (Arlinda Lou Rodriguez ) |
| 04/15/2013 | | TRANSCRIPT FILED IN DISTRICT COURT Transcript Order: Court Reporter: Arlinda Lou Rodriguez, Dt. Filed in Dist. Ct: 04/12/2013 Transcript deadline satisfied. ROA due on 04/30/2013 [13-70009] (MRW) |
| 04/23/2013 | | APPEARANCE FORM FILED by Attorney Andrew G. Mirisis for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 04/23/2013 | | APPEARANCE FORM FILED by Attorney Jason Michael Liberi for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 04/23/2013 | | APPEARANCE FORM FILED by Attorney Nicole Andrea DiSalvo for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 04/23/2013 | | APPEARANCE FORM FILED by Attorney Mark Stephen Chehi for Appellant Rodney Reed in 13-70009 [13-70009] (MRW) |
| 04/24/2013 | | RECORD ON APPEAL FILED. Electronic Pleadings, 8; ElectronicTranscript, 2; Exhibits, 3 Boxes State Court Papers; SEALED EXHIBITS, 1 Envelope (Doc's #18-20,26,30,56-58,60,66,76,78,83,93-95,123,133,141-144,155,156,159, 160, 164,185); ROA deadline satisfied. [13-70009] (MRW) |
| 04/24/2013 | 3 pg, 98.62 KB | LETTER ISSUED. Motion for COA and brief in support are required. Motion due on 06/03/2013 for Appellant Rodney Reed. Brief in Support due on 06/03/2013 for Appellant Rodney Reed [13-70009] (MRW) |
| 05/13/2013 | | PHONE EXTENSION CONFIRMED for Appellant Mr. Rodney Reed. Extension granted to and including 06/17/2013. Brief in Support deadline updated to 06/17/2013 for Appellant Rodney Reed. Motion due deadline updated to 06/17/2013 for Appellant Rodney Reed [13-70009] (MRW) |

| | | |
|---|---|---|
| 06/05/2013 | 6 pg, 102.47 KB | UNOPPOSED MOTION filed by Appellant Mr. Rodney Reed to extend time to comply with COA requirements until 07/17/2013 [7380001-2]. Date of service: 06/05/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis; Attorney for Appellee: Ottoway; US mail - Attorney for Appellant: Detweiler [13-70009] (Mark Stephen Chehi ) |
| 06/05/2013 | 1 pg, 85.79 KB | CLERK ORDER granting in part motion to extend time to comply with COA requirements filed by Appellant Mr. Rodney Reed [7380001-2] Motion due deadline updated to 07/08/2013 for Appellant Rodney Reed. Brief in Support deadline updated to 07/08/2013 for Appellant Rodney Reed. [13-70009] (MRW) |
| 06/26/2013 | 2 pg, 44.06 KB | LETTER filed from Robert Weber advising that he is a attorney with Skadden, Arps, Slate, DiSalvo, and Andrew G. Mirisis and will represent Appellant Mr. Rodney Reed pro bono and not seek payment [13-70009] (MRW) |
| 06/26/2013 | | APPEARANCE FORM FILED by Attorney(s) Robert Alan Weber for party(s) Appellant Rodney Reed, in case 13-70009 [13-70009] (MRW) |
| 07/08/2013 | 4 pg, 25.47 KB | MOTION filed by Appellant Mr. Rodney Reed for certificate of appealability [7405429-2]. Date of service: 07/08/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway; US mail - Attorney for Appellant: Detweiler [13-70009] REVIEWED AND/OR EDITED. MOTION filed by Appellant Mr. Rodney Reed for certificate of appealability [7405429-2]. Date of service: 07/08/2013 Motion due deadline satisfied.. Response/Opposition due on 08/07/2013 [13-70009] (Bryce Benjet ) |
| 07/08/2013 | 1780 pg, 38.98 MB | BRIEF IN SUPPORT filed by Appellant Mr. Rodney Reed in support of motion for certificate of appealability [7405429-2]. Date of Service: 07/08/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway; US mail - Attorney for Appellant: Detweiler. [7405443-1] [13-70009] REVIEWED AND/OR EDITED. BRIEF IN SUPPORT in support of motion for certificate of appealability [7405429-2] Brief in Support deadline satisfied. [7405443-1] [13-70009] (Bryce Benjet ) |
| 08/05/2013 | | PHONE EXTENSION CONFIRMED for Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division. Extension granted to and including 09/06/2013 for filing response to COA. [13-70009] (MRW) |
| 08/05/2013 | | RESPONSE DUE to motion for certificate of appealability filed by Appellant Mr. Rodney Reed in 13-70009 [7405429-2]Response/Opposition deadline updated to 09/06/2013 [13-70009] (MRW) |
| 09/03/2013 | 5 pg, 78.09 KB | UNOPPOSED MOTION filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division to extend the time to file a response to the brief supporting document [7405443-2] filed by Appellant Mr. Rodney Reed in 13-70009 until 10/07/2013 at 12:30 pm [7448463-2]. Date of service: 09/03/2013 via email - Attorney for Appellants: Benjet, Chehi, Detweiler, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway [13-70009] (Matthew Dennis Ottoway ) |
| 09/04/2013 | 2 pg, 116.21 KB | COURT ORDER granting motion to extend time to file a response filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division to and including October 7, 2013 [7448463-2] Judge(s): CDK. [13-70009] (MRW) |
| 09/04/2013 | | RESPONSE DUE to motion for certificate of appealability filed by Appellant Mr. Rodney Reed in 13-70009 [7405429-2]Response/Opposition deadline updated to 10/07/2013 [13-70009] (MRW) |
| 09/25/2013 | 125 pg, 655.67 KB | UNOPPOSED MOTION filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division to file in excess pages the response/opposition to motion for certificate of appealability [7405429-2]. Date of service: 09/25/2013 via email - Attorney for Appellants: Benjet, Chehi, Detweiler, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway [13-70009] (Matthew Dennis Ottoway ) |
| 10/01/2013 | 1 pg, 63 KB | CLERK ORDER granting motion to file response in excess pages filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division [7466069-2]. [13-70009] (MRW) |
| 10/01/2013 | 1 pg, 62.12 KB | RECORD ON APPEAL REQUESTED. Miscellaneous due on 10/11/2013 for Attorney Nicole Andrea DiSalvo [13-70009] (MRW) |
| 10/07/2013 | 128 pg, 595.49 KB | RESPONSE/OPPOSITION filed by Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division [7474637-1] to the motion for certificate of appealability filed by Appellant Mr. Rodney Reed in 13-70009 [7405429-2] Date of Service: 10/07/2013 via email - Attorney for Appellants: Benjet, Chehi, Detweiler, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway; US mail - Attorney for Appellant: Detweiler. [13-70009] REVIEWED AND/OR EDITED. RESPONSE/OPPOSITION [7474637-1] to the motion for certificate of appealability filed by Appellant Mr. Rodney Reed in 13-70009 [7405429-2] [13-70009] (Matthew Dennis Ottoway ) |

| | |
|---|---|
| 10/09/2013 ☐ 🗐 5 pg, 16.26 KB | UNOPPOSED MOTION filed by Appellant Mr. Rodney Reed for leave to file a reply [7477482-2] to the response/opposition filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 [7474637-2], motion for certificate of appealability filed by Appellant Mr. Rodney Reed in 13-70009 [7405429-2], to extend time to file a reply to the response/opposition [7474637-2] filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 until 12/06/2013 at 11:59 pm, to file brief in excess of the word count limitation but not to exceed 14,000 words [7477482-4]. Date of service: 10/09/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway; US mail - Attorney for Appellant: Detweiler [13-70009] (Robert Alan Weber ) |
| 10/10/2013 ☐ 🗐 3 pg, 100.96 KB | COURT ORDER granting motion for leave to file a reply filed by Appellant Mr. Rodney Reed the reply should not exceed 7,000 words [7477482-2]; granting in part motion to extend time to file a reply filed by Appellant Mr. Rodney Reed until 10/25/13. No extensions will be granted. [7477482-3] Judge(s): CDK. [13-70009] (MRW) |
| 10/22/2013 ☐ 🗐 2 pg, 110.34 KB | CASE CALENDARED for oral argument on Wednesday, 12/04/2013, at 4:00 PM, in the East Courtroom, Room 223, of the John Minor Wisdom United States Court of Appeals Building, New Orleans, LA. [13-70009] (GAM) |
| 10/24/2013 ☐ | ATTORNEY NOT PARTICIPATING. Elizabeth Detweiler is designated as inactive in this case. [13-70009] (MRW) |
| 10/25/2013 ☐ 🗐 96 pg, 2.59 MB | REPLY filed by Appellant Mr. Rodney Reed *In Further Support of Application for Certificate of Appealability* [7490327-1] to the response/opposition filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division In 13-70009 [7474637-2]. Date of Service: 10/25/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellee: Ottoway. [13-70009] REVIEWED AND/OR EDITED. REPLY filed by [7490327-1] to the update/term reply deadline [7478287-2], to the response/opposition filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 [7474637-2]Reply to Resp/Opp due deadline satisfied.. [13-70009] (Bryce Benjet ) |
| 11/13/2013 ☐ | APPEARANCE FORM FILED by Attorney(s) Stephen M. Hoffman for party(s) Appellee William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division, in case 13-70009 [13-70009] (MRW) |
| 11/13/2013 ☐ | APPEARANCE FORM FILED by Attorney(s) James Patrick Sullivan for party(s) Appellee William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division, in case 13-70009 [13-70009] (MRW) |
| 12/04/2013 ☐ | ORAL ARGUMENT HEARD before Judges King, Clement, Higginson. Arguing Person Information Updated for: Bryce Benjet arguing for Appellant Rodney Reed; Arguing Person Information Updated for: James Patrick Sullivan arguing for Appellee Director Stephens, Texas Department of Criminal Justice [13-70009] (PFT) |
| 12/12/2013 ☐ 🗐 2 pg, 97.21 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28j) FILED by Appellant Mr. Rodney Reed Date of Service: 12/12/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Sullivan [13-70009] (Mark Stephen Chehi ) |
| 12/20/2013 ☐ 🗐 2 pg, 66.63 KB | RESPONSE filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division to the 28j letter filed by Appellant Mr. Rodney Reed in 13-70009 [7525089-2] Date of Service: 12/20/2013 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Sullivan [13-70009] (James Patrick Sullivan ) |
| 01/10/2014 ☐ 🖺 2 pg, 67.34 KB | PUBLISHED OPINION FILED. [13-70009 Affirmed ] Judge: CDK , Judge: EBC , Judge: SAH Mandate pull date is 01/31/2014; granting motion to file brief in excess of word count filed by Appellant Mr. Rodney Reed [7477482-4]; denying motion for certificate of appealability filed by Appellant Mr. Rodney Reed [7405429-2] [13-70009] (JMA) |
| 01/10/2014 ☐ 🗐 1 pg, 51.29 KB | JUDGMENT ENTERED AND FILED. [13-70009] (JMA) |
| 01/22/2014 ☐ 🗐 4 pg, 86.46 KB | UNOPPOSED MOTION filed by Appellant Mr. Rodney Reed*Reed* to extend the time to file a rehearing until 02/07/2014 at 11:59 pm [7550849-2]. Date of service: 01/22/2014 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Sullivan [13-70009] (Bryce Benjet ) |
| 01/22/2014 ☐ 🗐 2 pg, 92.38 KB | COURT ORDER granting in part motion to extend the time to file a petition for rehearing filed by Appellant Mr. Rodney Reed [7550849-2] until02/03/2014 at 12:00 pm. No further extension will be granted. Mandate pull date updated to 02/03/2014 Judge(s): CDK. [13-70009] (MRW) |
| 02/03/2014 ☐ 🗐 | PETITION filed by Appellant Mr. Rodney Reed for rehearing en banc [7558771-2]. Date of Service: |

| | |
|---|---|
| 66 pg, 674.5 KB | 02/03/2014 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Sullivan [13-70009] REVIEWED AND/OR EDITED. PETITION for rehearing en banc [7558771-2] Mandate pull date canceled.. Paper Copies of Rehearing due on 02/10/2014 for Appellant Rodney Reed.. [13-70009] (Bryce Benjet ) |
| 02/03/2014   70 pg, 1.33 MB | PETITION filed by Appellant Mr. Rodney Reed for rehearing [7558831-2]. Date of Service: 02/03/2014 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Sullivan [13-70009] REVIEWED AND/OR EDITED. PETITION for rehearing [7558831-2] Paper Copies of Rehearing due on 02/10/2014 for Appellant Rodney Reed.. [13-70009] (Bryce Benjet ) |
| 02/04/2014 | Paper copies of petition for rehearing filed by Appellant Mr. Rodney Reed in 13-70009 received. Paper copies match electronic version of document? Yes # of Copies Provided: 4. Paper Copies of Rehearing due deadline satisfied. [13-70009] (MRW) |
| 02/04/2014 | Paper copies of petition for rehearing en banc filed by Appellant Mr. Rodney Reed in 13-70009 received. Paper copies match electronic version of document? Yes # of Copies Provided: 20. [13-70009] (MRW) |
| 02/04/2014 | APPEARANCE FORM FILED by Attorney Matthew Dennis Ottoway for Appellee William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 [13-70009] (MRW) |
| 02/10/2014   53 pg, 277.25 KB | REVISED PUBLISHED OPINION FILED. [7543391-2] [13-70009] (JMA) |
| 02/18/2014   1 pg, 65.06 KB | COURT DIRECTIVE ISSUED requesting a response to the petition for rehearing en banc filed by Appellant Mr. Rodney Reed in 13-70009 [7558771-2] Response/Opposition due on 02/28/2014. [13-70009] (MRW) |
| 02/27/2014   5 pg, 79.96 KB | UNOPPOSED MOTION filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division to extend the time to file a response to the petition for rehearing en banc [7558771-2] filed by Appellant Mr. Rodney Reed in 13-70009 until 03/10/2014 at 11:59 pm [7576869-2]. Date of service: 02/27/2014 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Ottoway, Sullivan [13-70009] (Matthew Dennis Ottoway ) |
| 02/27/2014   2 pg, 111.48 KB | COURT ORDER granting motion to extend time to file a response filed by Appellee Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division [7576869-2] Judge(s): CDK. [13-70009] (MRW) |
| 02/27/2014 | RESPONSE DUE to court order Court directive requesting a response [7569352-2]Response/Opposition deadline updated to 03/10/2014 [13-70009] (MRW) |
| 02/28/2014   4 pg, 616.52 KB | DOCUMENT RECEIVED - NO ACTION TAKEN. No action will be taken at this time on the letter from Jeff Tamarkin because only counsel can file documents [13-70009] (MRW) |
| 03/10/2014   20 pg, 122.44 KB | RESPONSE/OPPOSITION filed by Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division and Mr. Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division [7583356-1] to the petition for rehearing en banc filed by Appellant Mr. Rodney Reed in 13-70009 [7558771-2] Date of Service: 03/10/2014 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Mirisis, Weber; Attorney for Appellees: Hoffman, Ottoway, Sullivan. [13-70009] REVIEWED AND/OR EDITED. RESPONSE/OPPOSITION [7583356-1] to the petition for rehearing en banc filed by Appellant Mr. Rodney Reed in 13-70009 [7558771-2], update/term response deadline [7577250-2]Response/Opposition deadline satisfied. [13-70009] (Matthew Dennis Ottoway ) |
| 03/11/2014   1 pg, 254.47 KB | ATTORNEY NOT PARTICIPATING. Andrew G. Mirisis is designated as inactive in this case. Reason:no longer with Skadden, Arps, Slate, Meagher & Flom, LLP. [13-70009] (MRW) |
| 03/14/2014   13 pg, 625.39 KB | OPPOSED MOTION filed by Appellant Mr. Rodney Reed for leave to file a reply [7587361-2] to the response/opposition filed by Appellees Mr. Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division and Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 [7583356-2]. Date of service: 03/14/2014 via email - Attorney for Appellants: Benjet, Chehi, DiSalvo, Liberi, MacRae, Weber; Attorney for Appellees: Hoffman, Ottoway, Sullivan [13-70009] (Bryce Benjet ) |
| 03/17/2014   2 pg, 110.27 KB | COURT ORDER granting motion for leave to file a reply filed by Appellant Mr. Rodney Reed [7587361-2] Judge(s): CDK. [13-70009] (MRW) |
| 03/17/2014   9 pg, 218.36 KB | REPLY filed by Appellant Mr. Rodney Reed [7588028-1] to the response/opposition filed by Appellees Mr. Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division and Mr. William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in 13-70009 [7583356-2], to the petition for rehearing en banc filed by Appellant Mr. Rodney Reed in 13-70009 [7558771-2]. Date of Service: 03/14/2014. [13-70009] (MRW) |

| 03/19/2014 | ☐ 📰 3 pg, 94.75 KB | COURT ORDER denying petition for rehearing filed by Appellant Mr. Rodney Reed [7558831-2]; denying petition for rehearing en banc filed by Appellant Mr. Rodney Reed [7558771-2] Without Poll. [13-70009] (MRW) |
|---|---|---|
| 03/19/2014 | ☐ 📰 2 pg, 79.49 KB | MANDATE ISSUED FORTHWITH. [13-70009] (MRW) |
| 06/20/2014 | ☐ 📰 1 pg, 56.06 KB | SUPREME COURT NOTICE that petition for writ of certiorari [7663597-2] was filed by Appellant Mr. Rodney Reed on 06/17/2014. Supreme Court Number: 13-1509. [13-70009] (LGL) |
| 11/04/2014 | ☐ 📰 2 pg, 121.08 KB | SUPREME COURT ORDER received denying petition for writ of certiorari filed by Appellant Mr. Rodney Reed in 13-70009 on 11/03/2014. [7768156-1] [13-70009] (LGL) |

Clear All

◉ **Documents and Docket Summary**

○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB     **(Max: 10 MB)**
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">5th Circuit - Appellate - 01/30/2015 13:28:37</td></tr>
<tr><td><strong>PACER Login:</strong></td><td>fp0083:2550643:0</td><td><strong>Client Code:</strong></td><td>reed</td></tr>
<tr><td><strong>Description:</strong></td><td>Docket Report (full)</td><td><strong>Search Criteria:</strong></td><td>13-70009</td></tr>
<tr><td><strong>Billable Pages:</strong></td><td>7</td><td><strong>Cost:</strong></td><td>0.70</td></tr>
</table>



**Visiting the Court | Touring the Building | Exhibitions**

Search: ⦿All Documents ⃝Docket

Enter Search Text: [                    ]      | Search |    | Help |

## Home | Search Results

| No. 13-1509 | *** CAPITAL CASE *** |
|---|---|
| Title: | Rodney Reed, Petitioner |
| | v. |
| | William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division |
| Docketed: | June 19, 2014 |
| Lower Ct: | United States Court of Appeals for the Fifth Circuit |
| Case Nos.: | (13-70009) |
| Decision Date: | January 10, 2014 |
| Rehearing Denied: | March 19, 2014 |

~~~Date~~~ ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~~~

Jun 17 2014  Petition for a writ of certiorari filed. (Response due July 21, 2014)

Jul 21 2014  Order extending time to file response to petition to and including August 20, 2014.

Jul 21 2014  Brief amici curiae of Eight Retired Judges filed.

Aug 19 2014  Order further extending time to file response to petition to and including September 19, 2014.

Sep 19 2014  Brief of respondent William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions Division in opposition filed.

Oct 7 2014  Reply of petitioner Rodney Reed filed.

Oct 8 2014  DISTRIBUTED for Conference of October 31, 2014.

Nov 3 2014   Petition DENIED.


~~Name~~~~~~~~~~~~~~~~~~~~~~~        ~~~~~~~~Address~~~~~~~~~~~~~~~~~~~~        ~~Phone~~~

**Attorneys for Petitioner:**

Bryce Benjet                        40 Worth Street                         (212) 364-5980
   Counsel of Record                Suite 701
                                    New York, NY  10013

Party name: Rodney Reed

**Attorneys for Respondent:**

Edward L. Marshall                  Chief, Criminal Appeals Division        (512) 936-1400
   Counsel of Record                Office of the Attorney General
                                    P.O. Box 12548
                                    Capitol Station
                                    Austin, TX  78711-2548
                                    edward.marshall@texasattorneygeneral.gov

Party name: William Stephens, Director, Texas Department of Criminal Justice, Correctional Institutions
Division


**Other:**

Jessica L. Ellsworth                Hogan Lovells US LLP                     (202) 637-5886
                                    555 13th Street, N. W.
                                    Washington, DC  20004
                                    jessica.ellsworth@hoganlovells.com

Party name: Eight Retired Judges


January 29, 2015 | Version 2014.1
**Home | Help | Site Map | Contact Us | About Us | FAQ | Jobs | Links | Building Regulations
Website Policies and Notices | Privacy Policy | USA.GOV**

# Supreme Court of the United States